JUDGE ROBERTSON
delivered the opinion of the court:
In the year 1852 Eubank and wife brought a suit in equity in the Hart circuit court for the settlement and distribution of the estate of R. S. Thompson, deceased. In 1857, the suit still pending, H. M. Shuffitt was appointed receiver to collect the then uncollected debts of the estate, executed the requisite bond, and accepted the appointment. At the April term, 1860, Shuffitt having in the meantime failed to make any report, a rule was made on him to report on or before the 15th of Septetaber, 1860, Failing to comply with the rule, the court, at its October term., 1860, apprehending his insolvency, as soon afterwards developed, acceded to his proposition for indulgence tlntil the next teim, on the execution of a bond, with the appellants as his suretíés, according to *479 a power of attorney given by them to the clerk in anticipation of the solicited indulgence to sign their names as bis sureties to the bond, “ conditioned to perform all duties imposed on him by the orders of the court, and report his actings and doings in this behalf, and pay over all the means in his hands as the court may direct.”
The recited power of attorney is in the following words:
“ October 12th, 1860. — This is to authorize George T. Wood to sign our names to any bond that may be necessary for H. M. Shuffitt to execute to the Hart equity and Criminal court, as receiver for the estate of Robert S. Thompson, deceased;” pursuant to which the following bond was executed:
“ Hart Equity and Criminal Court.
“ R. R. Eubank and wife, plaintiffs,
vs.
“D. Thompson and others, defendants.
Bond.
“We undertake that Henry M. Shuffitt, receiver heretofore, appointed herein, shall perform all the duties Imposed on him by the orders of this court and of the Hart circuit court, in this case, and report his actings and doings in this behalf, and account for and pay over all the means in his hands as the court may direct him hereafter,”'
Which, being signed by H. M. Shuffitt as principal, and by twenty-three sureties, through their attorney in fact, G. T. Wood, was filed in the said court.
At a subsequent term, Shuffitt still failing to report or account, Gunter was appointed commissioner to ascertain. and report the amount of Shuffitt,’s liability, who reported three thousand and eighty-nine dollars and fifty-four cents; afid at the October térffi, 1864, Shuffitt still failing to pay anything, the' couft made a rule on the *480 obligors requiring them to show cause why they should not pay the amount reported by Gunter. The response of the sureties, now appellants, resisted any judgment on the following grounds:
1. Because Shuffitt received no money after said bond was executed.
2. The bond was not authorized by law.
3. The power of attorney to Wood did not authorize the execution of a bond that would be binding on them.,
4. The court had no power to make an order that would bind them.
On the case as thus prescribed, the court, at its April term, 1866, Shuffitt having died insolvent, rendered judgment against the appellants for two thousand two hundred and thirty-nine dollars and forty cents, which this appeal requires this court now to revise.
The receiver being the mere agent of the court, the money in his hands was potentially in court; and the court, thus having power oyer it as a distributable fund constructively in court, had undoubted jurisdiction to secure the delivery or payment of it for distribution; and that inherent power might have been exercised in any unprohibited mode adapted to the end. The bond given by the appellants was an appropriate move to that end. For such an object no statutory mode is prescribed; and therefore, theappellants, having, by the execution of the bond, procured indulgence to the principal which was a binding consideration, are estopped to deny, on technical grounds, the validity of their obligation.
But even if the bond had been the original obligation contemplated by the statute requiring a bond of a receiver before he can act as such, it would be substantially conformable with section 331 of the Code of Practice, providing, that “ before entering upon his duties the receiver *481 must, with one or more securities, approved by the court, execute bond to such person, and in such sum as the court shall direct, to the effect that he will faithfully discharge the duties of receiver in the action, and obey the orders of the court therein.” This modifies the antecedent provision in the Revised Statutes prescribing a form and requiring the bond to be made payable to the Commonwealth ; and therefore the court, as the ultimate custodian of the fund it had confided to its receiver, had the right to make the bond, as it in effect did, payable to itself; and the bond, in every essential respect, would have been a good statutory obligation.
The appellants authorized their attorney in fact to sign their names to just such a bond as that which was executed ; and it rightfully binds them for money then collected by their principal, which was the leading object of the court and of their suretyship; and, to that extent, as adjudged by the circuit court, the appellants are legally liable.
Wherefore, as the judgment has not transcended that limit, it is affirmed on the original appeal; and as the circuit court properly reduced the commissioner’s report to the amount adjudged, and the appellants do not appear to be equitably liable for any more, the cross-appeal also is affirmed.