*McKay, for appellant.*

*Muir, Wickliffe, for appellee.*

---

ABRAHAM STITES' EX'R *v.* WM. HOWELLS ET AL.

**Executors and Administrators—Pleading—Verification.**

Where the amount due from the administrator is shown by the records, it is not unreasonable to require claimants, before bringing suit against him, to verify their claims and demand payment of the administrator.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

October 24, 1873.

OPINION BY JUDGE LINDSAY:

In their petition for a rehearing, appellees state as matter of fact, that Abraham Stites, the court's commissioner, died before paying out the money received by him as such, "or even having any authority conferred upon him, by order or otherwise, to pay over same."

The record before this court shows that on October 18, 1856, a judgment was rendered, determining the amount of advancements made by appellees' ancestor to each of them, and directing that they be charged therewith, also adjudging that Josephinus D. Howell was entitled to the interest of James H. Howell, but that nothing was to be paid him until he settled his accounts as administrator, "and if upon such settlement it shall appear that he has in his hands a sum equal to his interest, the commissioner will distribute and pay over to the distributees the whole amount in his hands according to their respective interests." He had been previously directed by the judgment of October, 1854, to pay over to the distributees such amounts as would leave in his hands a sufficient sum to make them all equal under all probable contingencies.

What sums Stites paid out in obedience to these orders, the record does not show, but the appellees to whom the payments

were made, undoubtedly knew.  This is not an analogous case to that of Fox v. Oppernus' Ex'r.  In that case it was charged that the testator had, as agent, sold lands for the benefit of the plaintiffs, for which he had not accounted; that they had no knowledge of said agent's transactions; and that his administrator held the only evidences thereof, and not only withheld them, but refused to settle.  In this case, the records of this suit show the precise amounts that had come to the hands of the testator, and the appellees were bound to have known how he paid to each of them, and consequently what amount, if any, remained in his hands unaccounted for.  This being true it is neither "impracticable," "unreasonable," nor an "absurdity" to require them, before suit, to verify their claim and demand payment of the personal representative, who, from the nature of things, could have held no personal knowledge of the amounts paid over to them under the two judgments referred to.  They were able, after the suit was commenced, to ascertain the exact amount claimed to be due and set it up in an amended petition.  This they might as well have done before suit.

The case of Rowlett et al. v. Eubank et al., 1 Bush 477, is dissimilar to this, in fact and in principle.  The court there held that the money in the receiver's hands was potentially in court, and that whilst the receiver was alive it had the right to resort to all unprohibited means to secure its delivery and payment, and hence had the right to take the bond upon which the proceedings were based.  The sureties on the bond, by its execution, became quasi parties to the litigation.  Dickinson v. Trout et al., 8 Bush. 441.  Hence the court had the right to proceed against them by rule.  But it is not so with a personal representative of a deceased officer of the court.  He must be proceeded against like all other personal representatives; and where, as in this case, those asserting claims against the estate of this deceased officer, can ascertain the amount due them, they must verify their claims and demand payment before suit.  By the Act of February 28, 1865, Myers Supp. 224, persons having claims against the estates of trustees, must make affidavit of all payments, credits or discounts, of which they have knowledge or belief, and present the same to the personal representative, and demand settlement, before suit.  This much was not done in this case, although all the payments were made under order of court, and

to the appellees themselves.  It should also be borne in mind that this is not a proceeding by the court against one of its officers, but an action instituted by the plaintiffs and defendants in the original action, based upon the facts therein disclosed, asking personal relief against a party whom they, by their new proceeding, for the first time make a party to the litigation.  It is in every essential a new, distinct and independent suit.  We have thus noticed all the points that appellees feared had escaped our attention upon the first hearing of the cause, and upon reconsideration are fully persuaded that the reversal of the judgment of the circuit court was absolutely necessary under the facts presented by the record.

Petition overruled.

*James, Bullitt, Roberts, for appellant.*

*Knight, Dabney, Winfrey, for appellees.*